UNITED STATES DISTRICT COURT
Northern District of New York

| | |
|---|---|
| **COLLEEN HALEY** )<br>)<br>    Plaintiff )<br>)<br>vs. )<br>)<br>)<br>**GC SERVICES, LP** )<br>)<br>    Defendant )<br>_____) | Case Number   1:13-CV-1097 (GTS/RFT)<br><br>**CIVIL COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Colleen Haley, by and through her undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiff, Colleen Haley, (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, as well as violations of New York General Business Laws §349 and §601.

### II.   JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

### III. PARTIES

4. Plaintiff, Colleen Haley, (hereafter, Plaintiff) is an adult natural person residing in Hudson Falls, New York 12839. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, GC Services, LP, (hereafter, Defendant) at all times relevant hereto, is and was a limited partnership engaged in the business of collecting debt within the States of New York and Texas and has a principal place of business located at 6330 Gulfton Street, Suite 300, Houston, Texas 77081.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. In or around February, 2012, Plaintiff began receiving constant and continuous calls from the Defendant looking to collect on an alleged past due student loan taken sometime between 1986 and 1992.

8. Plaintiff is said to owe a current balance of approximately $21,015.22 to the US Department of Education.

9. Defendant has placed collection calls to the Plaintiff's parents home.

10. Plaintiff contacted Defendant demanding that they stop calling her family.

11. Plaintiff states that with each subsequent call the Defendant continually neglected to properly indentify themselves and who they were attempting to collect for.

12. Despite Defendant's communication failing to contain the mini-Miranda, Defendant demanded that the Plaintiff turn over her personal information including her social security number and banking information.

13. Plaintiff informed the Defendant that she made very little money and could not afford to make payments at this time.

14. On or about February 14, 2013, Plaintiff received notice from Defendant where they threatened to pursue other means including wage garnishment if they did not hear back from the Plaintiff.

15. On a call around that same time, the Defendant demanded to know where the Plaintiff worked.

16. Plaintiff was again instructed to turn over her bank routing and account number.

17. Shortly after, the Defendant placed a call to the Plaintiff's place of employment leaving a voice mail message pertaining to an outstanding student loan.

18. The call has left the Plaintiff feeling anxious, intimidated and now fearful of losing her job.

19. On or about July 15, 2013, Plaintiff received a Notice of Proposed Garnishment from the US Department of Education for an amount that was approximately half of the amount originally demanded by the Defendant.

20. Plaintiff was instructed to make payment arrangements immediately.

21. Defendant acted in a false, deceptive, misleading and unfair manner by taking action that it stated it would not take for the purpose of coercing Plaintiff to pay the debt.

22. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's

actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

23. At all times pertinent hereto, Defendant were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

24. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

25. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

26. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I – FDCPA

27. The above paragraphs are hereby incorporated herein by reference.

28. At all times relevant hereto, Defendant, were attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

29. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

        §§ 1692c(a)(3):    At place of employment when knows the employer prohibits such communication

| | |
|---|---|
| §§ 1692c(b): | With anyone except consumer, consumer's attorney or credit bureau concerning the debt |
| §§ 1692d: | Any conduct the natural consequence is to harass, oppress or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged anyone in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(4): | Nonpayment of any debt will result in garnishment, seizure or attachment |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692e(11): | Communication failed to contain the mini-Miranda warning |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against GC Services, for the following:

a. Actual damages;

d. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

    d.    Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### Violations of New York General Business Law §349

30. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

31. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

32. GBL §349 provides in relevant part as follows:

    (a)    Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

    (g)    This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct inquiry

    (h)    In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover their actual damages or fifty ($50) dollars whichever is greater, or both such actions. The court may, in discretion, increase the award

of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing Plaintiff.

33. As a direct and proximate result of Defendant's deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of the practices and actions of the Defendant.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

   a. Actual damages

   b. Statutory damages

   c. An award of reasonable attorney's fees and expenses and cost of suit; and

   d. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## COUNT III

### Violations of New York General Business Law §601

34. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

35. Under New York General Business Law §601, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

36. GBL §601 provides in relevant part as follows:

(a) Communicate with the debtor or any member of his family or household with such frequency or at such unusual hours or in such a manner as can reasonably be expected to abuse or harass the debtor;

(b) Claim or threaten to enforce a right with knowledge or reason to know that the right does not exist;

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages

b. Statutory damages

c. An award of reasonable attorney's fees and expenses and cost of suit; and

d. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## COUNT IV

## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

37. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

39. New York further recognizes the Plaintiff's right to be free from invasions of privacy,

thus the Defendants violated New York state law.

40. The Defendant intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls.

41. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

42. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

43. All acts of the Defendant were committed with malice, intent, wantonness, and recklessness, and as such, the Defendant are subject to punitive damages.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a. Actual damages

    b. Statutory damages

    c. An award of reasonable attorney's fees and expenses and cost of suit; and

    d. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

Date: **August 9, 2013**

BY: */s/Brent F. Vullings*
Brent F. Vullings, Esquire
Vullings Law Group, LLC
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
bvullings@vullingslaw.com